(Reap. Dec. 10041)

J. Gerber & Co., Inc. *v.* United States

Entry No. 6230, etc.

(Decided June 28, 1961)

*Sharp & Bogan* (*Charles A. Dukes, Jr.*, of counsel) for the plaintiff.

*William H. Orrick, Jr.*, Assistant Attorney General (*Morris Braverman*, trial attorney), for the defendant.

Donlon, Judge: At Baltimore, on April 26, 1961, these cases were consolidated for trial and submitted for decision on the following stipulation of facts:

Mr. Braverman: Government will agree to a stipulation that this merchandise was not freely offered for sale in the principal market of the country of exportation at or about the time of exportation of this merchandise to the United States for home consumption, nor was it so freely offered for exportation to the United States.

Mr. Dukes: Accepted.

Mr. Braverman: The Government also is willing to stipulate that this merchandise was not freely offered for sale for domestic consumption in the principal market of the United States to all purchasers at the time of exportation of the imported merchandise in the usual wholesale quantities and in the ordinary course of trade.

Mr. Dukes: Accepted.

Judge Donlon: The stipulation is accepted and made of record, as is also the written stipulation; and you submit, do you?

Mr. Dukes: Yes, ma'am.

Judge Donlon: You submit, Mr. Braverman?

Mr. Braverman: Government submits.

Judge Donlon: All right. Case submitted.

The written stipulation referred to above is an agreed statement that the merchandise of these appeals consists of merchandise described on the invoices as A/A grade marine plywood, exported from Holland in 1954 and 1955; that such merchandise is the same in all material respects as the merchandise in *J. Gerber & Co., Inc.* v. *United States*, 46 Cust. Ct. 562, Reap. Dec. 9898, the record of which has been incorporated here; and that these appeals to reappraisements are

limited to the merchandise described on the invoices as grade A/A marine plywood.

Accepting the two stipulations as an agreed statement of facts and on authority of the decision in *J. Gerber & Co., Inc., supra,* I find and hold that cost of production, as defined in section 402(f) of the Tariff Act of 1930, is the proper basis for determination of the value of this merchandise, grade A/A marine plywood from Holland, and that such value is the invoice unit price, not packed, less nondutiable charges for inland freight, ocean freight, and insurance.

Judgment will be entered accordingly.